# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TODD WHITE, | CASE NO. 16cv2543-LAB (KSC) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;** |
| vs. | **ORDER DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS; AND** |
| TLC LEGAL SERVICES, INC., | |
| Defendant. | **ORDER TO SHOW CAUSE RE: ABSTENTION OR DISMISSAL** |

Plaintiff Todd White, proceeding *pro se*, filed a complaint, along with a motion to proceed *in forma pauperis* ("IFP") and a motion for leave to file documents electronically.

The IFP motion shows White lacks the money to pay the filing fee, and is **GRANTED**. For reasons discussed below, it does not appear the Court can or should exercise jurisdiction over White's claims, so it is unlikely White will be filing many more documents. The motion for leave to file documents electronically is **DENIED WITHOUT PREJUDICE**.

Because White is proceeding IFP, the Court is required to screen the complaint, and to dismiss it to the extent it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court is also obligated to confirm its own jurisdiction, sua sponte if necessary. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

White brings claims under the Fair Labor Standards Act against his former employer for failure to pay wages owed to him, and seeks both damages and an injunction. The complaint makes clear, however, that White either has litigated or is now litigating substantially the same claims in state court. (Complaint, ¶¶ 7–8 and Ex. 1 (Verified Complaint for Damages.)

As the party invoking the Court's jurisdiction, White bears the burden of showing the Court has legal power to act in this case. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (further citation omitted). Although White has alleged a federal cause of action, his former employer's alleged failure to pay wages is or was the subject of proceedings in state court. White could have raised these claims as defenses in that action. If the state court has already adjudicated White's claims, this Court could not proceed further. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

But even if *Rooker-Feldman* is not implicated, it is likely the Court would abstain from deciding it until state court proceedings are concluded, under the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1021 (N.D. Cal., 2008) (applying *Colorado River* abstention doctrine, where plaintiffs brought Fair Labor Standards claims in federal court that substantially overlapped with claims pending in state court and where the balance of factors favored abstention). If the Court does abstain, it would either stay this action or dismiss without prejudice pending the resolution of the state court case. If the state court adjudicates White's claims, it is likely *Rooker-Feldman* would then divest this Court of jurisdiction.

As an additional matter, it appears White's claim for injunctive relief is moot. He seeks a "final injunction ordering that the withholding of Plaintiff's minimum and overtime wages cease." (Compl., Prayer for Relief, ¶ 1.) But White makes clear he no longer works for Defendant, and is unlikely ever to work for it. If this claim is moot, the Court lacks

1  jurisdiction to consider it.  *See Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir.
2  2006) (holding that federal courts lack jurisdiction to decide moot questions).

3      White is therefore **ORDERED** to show cause why this action should not be dismissed
4  for lack of jurisdiction and why, even if the Court has jurisdiction over it, the Court should not
5  abstain under the doctrine of *Colorado River*.  He may do so by filing a memorandum of
6  points and authorities, not longer than ten pages, within **21 calendar days from the date**
7  **this order is entered in the docket**.  The filing date is the date his memorandum is
8  received by the Court, not merely the date it is mailed or postmarked.  **If White fails to show**
9  **cause within the time permitted, this action will be dismissed without prejudice**.

11      **IT IS SO ORDERED**.
12  DATED: October 28, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge